Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| GOBIERNO MUNICIPAL AUTÓNOMO DE FAJARDO Y OTROS<br><br>Peticionario<br><br>V.<br><br>CIDRA EXCAVATION, S.E. Y OTROS<br><br>Recurrida | KLCE202400987 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2019CV04413 (CIVIL 408)<br><br>Sobre: COBRO DE DINERO – ORDINARIO Y OTROS |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2024.

Comparece el Municipio Autónomo de Fajardo, en adelante MAF o Municipio, mediante recurso de certiorari. En este nos invita a expedir y revocar una orden emitida por el Tribunal de Primera Instancia el 25 de junio de 2024. La referida orden rechazó la petición que hiciera MAF para que tomara una medida en aseguramiento de sentencia. Los hechos estrictamente relevantes para entender la determinación que hoy tomamos se resumen a continuación.

## I.

El 14 de noviembre de 2019, MAF presentó una reclamación civil aduciendo varias causas de acción, entre ellas, incumplimiento de contrato, daños, acción rescisoria y nulidad en la contratación, contra Cidra Excavation Inc., el señor Israel Quintana Luciano, hoy su sucesión, Cidra Excavation S.E.; Cidra Excavation L.L.C., y, al Fideicomiso Quintana Pérez, representado por el señor Jorge Luis Rodríguez Benítez, Hilda Quintana Pérez y José Francisco Quintana Pérez. En su demanda solicitó la nulidad de los contratos y sus enmiendas y la devolución de los fondos públicos.

En apretada síntesis, MAF reclamó que, mientras las compañías antes mencionadas hacían negocios con el Municipio, el señor Israel Quintana Luciano se declaró culpable ante el Tribunal Federal para el Distrito de Puerto Rico por el delito grave de "bribery with respect to programs receiving federal funds" [18 USC §666(a)(2)], en el caso de *US vs. Israel Quintana Luciano*, Caso No. 13-CD-357.

Así las cosas, el 10 de julio de 2020, MAF presentó una *Solicitud de remedio provisional en aseguramiento de sentencia* contra Cidra Excavation, S.E. y Cidra Excavation, LLC, al amparo de la Regla 56.1 de las de Procedimiento Civil, 32 LPRA Ap. V. En apoyo a la petición sostuvo que, de las alegaciones de la Demanda, surgía la otorgación de contratos entre Cidra Excavation S.E., y Cidra Excavation, LLC, y el Municipio. Añadió que también surgían alegaciones concretas y específicas sobre violaciones contractuales y legales, vinculadas directamente con fondos públicos con topes millonarios que, por virtud de ley, tenían que ser devueltos a las arcas municipales. Razones que le obligaban a solicitar órdenes de embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, así como la reclamación y entrega de bienes mueble que fuesen necesarios para asegurar el cobro de la sentencia que en su día se emitiera.[1]

El 28 de julio de 2020, el foro recurrido rechazó la petición de aseguramiento de sentencia presentada por el Municipio. En su dictamen, consignó lo siguiente: ATENDIDOS LOS PLANTEAMIENTOS DE LAS PARTES, ESTE TRIBUNAL DECLARA NO HA LUGAR LA SOLICITUD DE ASEGURAMIENTO EN ESTE MOMENTO.[2]

El 7 de agosto de 2020, el Municipio pidió la reconsideración al foro en cuanto al aseguramiento de sentencia y solicitó vista a esos

---

[1] Véase entrada número 53 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] Véase entrada número 74 de SUMAC.

efectos.[3] Así las cosas, el foro primario señaló vista para discutir los remedios solicitados mediante la Regla 56 de Procedimiento Civil, *supra*.[4] Finalmente y, luego de atender los planteamientos de las partes en la vista, el 17 de septiembre de 2020, el foro rechazó imponer la medida. Determinó que no era necesario, toda vez que el propio Municipio había reconocido que los demandados contaban con bienes suficientes para responder por el monto solicitado en la demanda. Por tal razón, entre otras, consideró que, en ese momento, el remedio era innecesario.[5]

Luego de un abultado trámite procesal entre las partes, el 12 de enero de 2023, MAF presentó una nueva solicitud de remedio provisional en aseguramiento de sentencia al amparo de la Regla 56.1 de Procedimiento Civil, *supra*. Arguyó que las circunstancias del caso habían cambiado. Afirmó que los remedios solicitados previenen que los demandados enajenen sus bienes en perjuicio del remedio solicitado por el Estado, o que soliciten la protección de la Ley de Quiebras Federal. En cuanto a los cambios anunciados puntualizó que la Ley Núm. 2-2018[6] derogó la Ley Núm. 458-2000[7] y fue creada con el propósito de evitar y combatir la corrupción gubernamental permitiendo los remedios en aseguramiento de sentencia. Para el Municipio, por ser un asunto de fondos públicos, es un asunto de gran interés público. Alegó que existen circunstancias dentro o fuera del control de Cidra Excavation que pueden disminuir el valor de sus bienes, afectarlos sustancialmente o excluirlos de la futura ejecución de una Sentencia que puede demorar años en dictarse, como lo serían otros casos de cobro de dinero, otros embargos, otras ejecuciones,

---

[3] Véase entrada número 85 en SUMAC.
[4] Véase entrada número 92 en SUMAC.
[5] Véase entrada número 115 en SUMAC.
[6] "Código Anticorrupción para el Nuevo Puerto Rico," Ley Núm. 2 de 4 de enero de 2018, según enmendada.
[7] Ley para Disponer la Prohibición de Adjudicar Subasta o Contrato a Personas Convictas de Delitos Constitutivos de Fraude, Malversación o Apropiación Ilegal de Fondos Públicos, Ley 458 de 29 de diciembre de 2000, según enmendada, hoy derogada por la Ley 2-2018.

quiebras, expropiaciones, etc. Específicamente advirtió que en el caso número KLAN202001003 de este tribunal, entre Cidra Excavation y el Municipio de Gurabo, se había ordenado la devolución de $2,522,676.35 por una controversia igual a la del pleito entre las partes. Entonces, para el Municipio, la Sentencia dictada por el Tribunal de Apelaciones indudablemente incidía en la capacidad económica de Cidra Excavation. Reclamó la especialidad de la Ley 458-2000 sobre cualquier disposición contractual del Código Civil en la solución de la presente controversia. Particularmente invitó al foro a aceptar que, siendo la Ley 458-2000 una ley especial, el Artículo 4 de la misma, establecía que cuando un contratante infringe sus disposiciones, los contratos automáticamente se cancelan y se le tiene que devolver el dinero cobrado ilegalmente a la agencia o municipio contratante. Añadió que las determinaciones previas del foro junto a sus planteamientos legales debían provocar una vista, según requerido por la Regla 56, previo a la expedición de todas las órdenes de embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, así como la reclamación y entrega de bienes mueble que sean necesarias para asegurar el cobro de $5,931,593.44, una vez se dicte la Sentencia. En la alternativa, propuso la imposición de una fianza de $5,931,593.44.[8]

Finalmente, el 25 de junio de 2024, el foro recurrido determinó que la solicitud de remedio ya había sido atendida previamente por el foro, por lo que dicha determinación era una final y firme.[9] Inconforme MAF, el 10 de julio de 2024, presentó una solicitud de reconsideración[10] que fue rechaza el 16 de agosto del año en curso.[11] Aun inconforme, oportunamente presentó el recurso que nos ocupa en el que puntualizó

---

[8] Véase entrada número 272 en SUMAC.
[9] Véase entrada número 313 en SUMAC.
[10] Véase entrada número 315 en SUMAC.
[11] Véase entrada número 320 en SUMAC.

varios errores cometidos por el foro primario en la atención de la controversia, estos son:

(a) ERRÓ EL TPI AL NEGARSE A CONSIDERAR UNA SEGUNDA SOLICITUD DE REMEDIOS PROVISIONALES EN ASEGURAMIENTO DE SENTENCIA (REGLA 56) CUANDO EL PROPIO TPI HIZO RESERVA EXPRESA EN SU RESOLUCIÓN DEL 17 DE SEPTIEMBRE DE 2020 ESTABLECIENDO QUE CONSIDERARÍA LA EXPEDICIÓN DEL EMBARGO EN OTRO MOMENTO.

(b) ERRÓ EL TPI AL ADOPTAR COMO FUNDAMENTO EN LA RESOLUCIÓN DEL 17 DE SEPTIEMBRE DE 2020, CONCLUSIONES DE DERECHO CONTRARIAS A LAS ADOPTADAS POR ESTE TRIBUNAL DE APELACIONES EN EL CASO CIDRA EXCAVATION V. MUNICIPIO DE GURABO (KLAN202001003) Y CONTRARIAS AL DERECHO VIGENTE.

(c) ERRÓ EL TPI AL RESOLVER UNA SEGUNDA SOLICITUD DE REMEDIO PROVISIONAL EN ASEGURAMIENTO DE SENTENCIA PRESENTADA POR EL MAF SIN LA CELEBRACIÓN DE UNA VISTA SEGÚN LO EXIGEN LAS REGLAS 56.2 Y 56.4 DE LAS DE PROCEDIMIENTO CIVIL.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, 32 LPRA sec. 3491, hoy conocido como Ley de Recursos Extraordinarios. Véase también *Mun. Caguas v. JRO Construction, Inc.,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728 (2016). Aunque el certiorari se reconoce como un recurso discrecional la sensatez del juzgador se guía por unos límites. Es decir, la discreción judicial no es irrestricta y ha sido definida en nuestro ordenamiento jurídico como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Medina Nazario v. McNeil Healthcare LLC,* supra, pág. 729; *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

El primero de estos límites es la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone en lo pertinente que el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas

por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superados los criterios de la Regla 52.1 de Procedimiento Civil, venimos llamados a ejercer nuestro criterio sujeto a lo dispuesto en el Reglamento del Tribunal de Apelaciones mediante la Regla 40, 4 LPRA Ap. XXII-B. Esta dispone que el tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**III.**

Evaluada la solicitud a la luz de los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* y el Reglamento de este tribunal acordamos expedir y revocar al foro primario. Mueve nuestro criterio, la comisión de un error de derecho al denegar la solicitud de remedio provisional en aseguramiento de sentencia sin la celebración de una vista, según lo exigen las Reglas de Procedimiento Civil. Abundamos.

El ordenamiento civil provee unas salvaguardas para que la sentencia que en su día se obtenga, pueda ser ejecutada. *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1, 12 (2016). La Regla 56 de Procedimiento Civil, *supra,* regula los mecanismos y procedimientos que un demandante tiene a su alcance para asegurar la efectividad de la sentencia que ha obtenido a su favor o que anticipa obtener. Así, mediante petición al tribunal, antes o después de dictada la sentencia, el reclamante solicitará el remedio provisional que considere apropiado para asegurar la ejecución de la sentencia. *Nieves Díaz v. González Massas,* 178 DPR 820, 839 (2010).

El embargo, la prohibición de enajenar, el embargo de los fondos en posesión de un tercero, la reclamación y entrega de bienes muebles, la sindicatura y la orden para hacer o desistir de hacer algún acto específico son algunos de los remedios que puede conceder el tribunal. Así también guarda discreción para ordenar cualquier medida que estime apropiada, según las circunstancias del caso. *Nieves Díaz v. González Massas,* supra, pág. 840.

Ahora bien, como regla general, en todo caso en que se solicite algún remedio provisional como lo es un embargo—*y antes de que el tribunal haga una determinación al respecto*— es indispensable que (*previamente*) la parte adversa sea notificada y que una vista sea celebrada. *Ramos y Otros v. Colón y Otros,* 153 DPR 534, 542 (2001). Y es que se ha resuelto que los requisitos constitucionales del debido proceso de ley son aplicables a los procedimientos de embargo y

prohibición de enajenar. Nos referimos específicamente a una notificación adecuada y una oportunidad efectiva de ser oído antes de privar al individuo de un derecho propietario como parte fundamental del debido proceso. *Rivera Rodríguez & Co. v. Stowell Taylor*, 133 DPR 881, 890-891 (1993).

En fin, como norma general, en todo caso en que se solicite algún remedio provisional se deberá notificar a la parte adversa y celebrar una vista previa y se deberá exigir la prestación de fianza. Este requisito es igualmente aplicable a los embargos, como remedio provisional para aseguramiento de la efectividad de la sentencia. *Rivera Rodríguez & Co. v. Stowell Taylor*, supra, pág. 896.

Por excepción, la citada Regla 56.4 permite que el tribunal expida una orden de embargo *ex parte*—esto es, sin notificación y vista previa—siempre que el reclamante preste una fianza suficiente para responder por todos los daños y perjuicios que se puedan causar como consecuencia del aseguramiento. Regla 56.4, ante. Por otro lado, sólo se podrá conceder un embargo u otro remedio provisional *sin* la prestación de fianza cuando: (1) apareciere en documentos públicos o privados que la obligación es legalmente exigible; (2) se tratare de un litigante insolvente, que la demanda adujere hechos suficientes de una causa de acción y hubiere motivos fundados, previa vista, de que si no se concede el remedio la sentencia sería académica, o (3) se solicitare el remedio después de la sentencia. Regla 56.3, ante. *Rivera Rodríguez & Co. v. Stowell Taylor*, supra págs. 896-897.

Si bien el tribunal cuenta con discreción para conceder o denegar tal remedio o medida cautelar, ha de tomar en consideración los criterios siguientes al momento de concederlos: (1) que sean provisionales; (2) que tengan el propósito de asegurar la efectividad de la sentencia que en su día se pueda dictar y (3) que se tomen en consideración los intereses de todas las partes, según lo requiera la

justicia sustancial y las circunstancias del caso. *Nieves Díaz v. González Massas*, supra, pág. 839.

Si bien el tribunal tiene discreción para conceder o denegar tal remedio o medida cautelar, la discreción está atada al discernimiento judicial que debe ser ejercido razonablemente para poder llegar a una conclusión justiciera. La discreción no puede ejercerse en abstracción del derecho, porque entonces constituiría un abuso. El adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la razonabilidad. *S.L.G. Zapata-Rivera v. JF Montalvo,* 189 DPR 414, 433 (2013); *García v. Padró,* 165 DPR 324, 334-335 (2004). Como anticipamos, generalmente, cuando se solicita algún remedio provisional como lo es un embargo, antes de que el tribunal haga una determinación al respecto, ha de celebrarse una vista conforme los parámetros del debido proceso de ley. *Ramos y Otros v. Colón y Otros,* supra. En esta ocasión, no sucedió, el foro primario concluyó que la solicitud había sido evaluada previamente constituyendo una determinación final y firme. Se refería a la determinación del 17 de septiembre de 2020, la cual en efecto es final y firme. En aquel entonces, sí se celebró una vista argumentativa, previo a dilucidar la procedencia del remedio. No obstante, las circunstancias conforme las cuales se solicita el remedio en estos momentos, no son las mismas. Ahora se solicita el remedio en función de lo ordenado por un panel hermano en el caso número KLAN202001003 entre el Municipio de Gurabo y Cidra Excavation. En ese caso se ordenó la devolución al Municipio de Gurabo de $2,522,676.35.[12] Sin entrar en lo sustantivo, pues sería prematuro, entendemos que se equivocó el foro primario al denegar la solicitud de remedio sin la celebración de la vista. En cuanto al primer error

---

[12] De esta determinación se recurrió al Tribunal Supremo de Puerto Rico en el caso AC-22-55. Mediante Resolución del 9 de junio de 2022, dicho Foro acogió el recurso como certiorari y lo denegó.

entendemos que resulta inconsecuente su discusión ante lo antes expresado, ciertamente, sí procede la vista, procede el análisis de las circunstancias actuales conforme a los criterios de la Regla 56 de Procedimiento Civil, *supra*. Por último y, en cuanto al segundo error presentado, nos abstenemos de atender el mismo entendiendo que, conforme nuestra determinación, resulta prematuro.

**IV.**

Por lo antes expuesto, expedimos y revocamos el auto de certiorari, ordenando la celebración de la vista.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones